# Certificate of Completion

presented to

## *Rudolph Otero*

has successfully completed 15 hours in

## Journalism Class

This certificate is hereby issued this 24th day of February 2005

*[signature]*
ACE Coordinator

*[signature]*
Supervisor of Education

© 1989 GOES P
All Rights Reserved
LITHO. IN U.S.A.

# Certificate of Completion

presented to

## Rudolph Otero

has successfully completed 7 hours in

## Smoking Cessation

This certificate is hereby issued this 20th day of July 2004

_____
Supervisor of Recreation

© 1989 GOES P
All Rights Reserved



# Certificate of Completion

## Rudolph Otero

### has completed 18 credit hours in

## Systematic Training for Effective Parenting

This certificate is hereby issued,

July 29th, 2004

Program Instructor: *L. Putnam*

S.O.E. *Christina Newtown*

© 1989 GOES P
All Rights Reserved

LITHO. IN U.S.A.

# Certificate of Completion

## Rudolph Otero

### Successfully completed fourteen credit hours in

# Systematic Training for Effective Parenting

### This certificate is hereby issued, December 2nd, 2004.

Program Coordinator: *Lois A. Putnam*

Supervisor of Education: *Christine Montonus*

© 1989 GOES P
All Rights Reserved
LITHO IN U.S.A.

# Certificate of Completion
# Rudolph Otero

## Successfully completed
## ten credit hours in

# Fostering Fatherhood

## This certificate is hereby issued, February 16th, 2005.

Program Coordinator: *Lois Putnam*

Supervisor of Education: *Christine Montour*

# Certificate of Completion
# Rudolph Otero

## Successfully completed
## ten credit hours in

# Parenting Under Stress

### This certificate is hereby issued, September 29th, 2004.

Program Coordinator: *Lois Putnam*

Supervisor of Education: *Christine Montoura*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,          :

      v.                          :     Crim. No. 3:02Cr.256 (CFD)

RUDOLPHO OTERO,                    :     PETITION TO AMEND JUDGMENT
       Defendant, Petitioner,       :     PURSUANT TO 18 U.S.C. §
                                         3582(c)(2); RULE 36,
                                   :     FED.R.CRIM.P.

———————————————————————

    COMES NOW, Rudolpho Otero, the defendant, and petitioner
in the above stated matter, hereby petitions this Honorable
Court, the United States District Court for the District of
Connecticut, the Honorable Christopher F. Droney, United States
District Judge, for an Order, amending the Judgment, which was
rendered on April 2, 2003, to adjust the petitioner's imposed
term of 84 months of imprisonment, to reflect this Honorable
Court's oral determination that, "the petitioner receive 15
months credit for time served" (April 2, 2003 Sentencing Hearing
at Page 27) (Relevant Pages Enclosed); pursuant to the November
1, 2003 amendment to the United States Sentencing Guidelines
("U.S.S.G.") § 5G1.3 n.4, in conjunction with U.S.S.G. § 5K2.23
(Discharged Terms of Imprisonment).

    This petition is made pursuant to 18 U.S.C. § 3582(c)(2);
U.S.S.G § 5K2.23; and under Rule 36, Federal Rules of Criminal
Procedure ("Fed.R.Crim.P."); and in the interest of justice. The
petitioner submits the following facts, and citations of authority
in support of this Petition for an Amended Judgment:

### Facts in Support of the Instant Petition

A sitting federal grand jury for the District of Connecticut, Hartford Division, issued an indictment against the petitioner, Mr. Otero, which charged him with both Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1); and Conspiracy to Possess with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 846.

Subsequently, Mr. Otero entered a guilty plea as to the indictment, and following the preparation of the Pre-Sentence Report, this Honorable Court conducted two Sentencing Hearings. The former, on March 28, 2003 was conducted in this case, and this Court heard argument on the various objections to the PSR (These objections or calculations have no bearing on this Petition, and a fuller recitation of the events is not needed).

On April 2, 2003, this Court granted Mr. Otero a downward departure based on a finding that his criminal history is over-represented of the seriousness of his past conduct, pursuant to U.S.S.G. § 4A1.3. As such, and in accordance with the previous findings by this Court, Mr. Otero's sentencing exposure was from 84 to 105 months of imprisonment. This Court, finding that the low end of the Guidelines was appropriate, sentenced Mr. Otero to a term of 84 months of imprisonment, to be followed by four-years of supervised release.

In addition, this Court recommended that Mr. Otero participate in the 500 residential drug treatment program

offered by the Bureau of Prisons.

Additionally, this Court resolved that Mr. Otero was entitled to receive a period of 15 months credit for time served within the State of Connecticut on an arguably related offense conduct; and reiterated his belief that Mr. Otero receive this 15 months credit. (Sentencing, at 27).

### State of Connecticut

Mr. Otero was initially arrested and charged by the State of Connecticut, and charged with a variety of State violations, including Sale of a Controlled Substance; Sale of a Hallucinogen; Illegally Operating a Motor Vehicle under suspension. After protracted negotiations with the Hartford District Attorney's Office, and Mr. Otero's State counsel, he agreed to plead guilty to 15 months, time served.

Following Mr. Otero's arrest by the State of Connecticut, a Federal Detainer was lodged, which charged Mr. Otero with the Federal offenses mentioned herein. The detainer was lodged on September 10, 2002. Pursuant to the State plea agreement, Mr. Otero was sentenced on February 17, 2004, subsequent to the federal sentencing on April 2, 2003. On February 18, 2004, Mr. Otero was released to Federal custody, which the Bureau of Prisons utilized as his "commencement date" for computation of his federal sentence.

The 15 months credit for time served within the State of Connecticut was not credited toward the service of the instant federal term of imprisonment. (See Exhibit "A") (Sentence

Monitering Computation Date). Although it is noted, at Page 2
of Exhibit "A", under "Jail Credit", that Mr. Otero is entitled
to credit from 9/10/02 to 2/17/04; the "Remarks" portion on
Page 2 of Exhibit "A", negate this credit, pursuant to 18
U.S.C. § 3583(A), on the basis that Mr. Otero received the 15
months time credit toward the service of the State of Connecticut
term of imprisonment.

### A. AMENDMENT TO U.S.S.G. § 5G1.3

On November 1, 2003, the United States Sentencing
Commission amended § 5G1.3, which previous to this point,
presented a circuit conflict in respect to the judicial
interpretation of granting "time credit". Specifically,
Application Note 4 of § 5G1.3, was amended to provide a new
"Downward Departure Provision" (§ 5K2.23), to reflect the
service of a "discharged term of imprisonment".

According to the Commentary to § 5G1.3, this amendment
addressed a circuit conflict  regarding whether a sentencing
court may grant "credit" or adjust the instant sentence for
time served on a prior undischarged term covered under
subsection (c) of § 5G1.3. Compare, Ruggiano v. Reish, 307 F.3d
121 (3d Cir. 2002) (federal sentencing court may grant such
credit), with United States v. Fermin, 252 F.3d 102 (2d Cir.
2001) (federal court may not adjust or give 'credit' for time
served on an undischarged term).

The amendment makes clear that the court may not adjust or give "credit" for time served on an undischarged term of imprisonment covered under subsection (c). However, the amendment adds commentary to § 5G1.3 to provide that court's may consider a downward departure in an extraordinary case, in order to achieve a reasonable punishment for the instant offense.

B. U.S.S.G. § 5K2.23

"A sentence below the applicable guideline range may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 (Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment would have been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense."

Reasons for Granting Departure

As this Court is well aware, Your Honor graciously departed under USSG § 4A1.3, finding that my prior convictions over-represented my criminal history category, and I am concious that this departure was a purely discretionary one. At the time of sentencing, I also advanced other grounds for departure, and though you did not grant these requests; the departure that was granted effected me greatly, positively.

Also, at sentencing, Your Honor commented on many aspects of my life; including my long history of drug abuse; and you recommended that I participate in the 500 hour Drug Treatment Therapy Program. I have taken Your Honor's advise, and I have to date, utilized my time effectively. Since my incarceration, I have participated in the following courses which are offered in FCI Raybrook, where I am currently incarcerated:

1. Journalism Class: In February, 2005, I received a Certificate of Completion for my participation in a 15 hour course on creative writing. I took this class primarily because one of my goals is to write a book on my life, and the negative impact that drugs have on a person. I have always enjoyed writing, and this course taught me a great deal on construction in writing. I would like to take advanced classes, and utilize this Vocation as employment when I am released.

2. Smoking Cessation: In July, 2004, I received a Certificate of Completion for my participation in this class. I had, up until that time, been a smoker for many years, which primarily started as a result of peer pressure, and hanging out. This course taught me patience, and the dangers of smoking.

3. Systematic Training for Effective Parenting: In July, 2004, I received a Certificate of Completion for participating in this 18 credit hour course on parenting. As this Court is aware, I have children, and I want to be the best possible

6

father that I could possibly be. This class taught me the value of being a father, and how precious children are. Also, this course taught me how my actions have a direct effect on my children, even if it is not directly apparent. My incarceration, I realize, not only effects myself, but my children as well, and my goal is to ensure that my children learn from my life.

I took this course twice, and in December, 2004, I received another Certificate, and I am currently enrolled in the next class to be given shortly.

4. Fostering Fatherhood: In February, 2005, I received another Certificate for my participation in this class. This course is similar to the previously mentioned class, as well as the proceeding Parenting Under Stress, which I completed in September, 2004. All of these courses teach the same values, and I am adament about my goals to change my life while in here; in order to become a better person when released.

C. 18 U.S.C. § 3582(c)(2)

This provision of Title 18, allows a sentencing court, at it's discretion to adjust a defendant's sentence, as a result of a retroactive amendment to the United States Sentencing Guidelines. An amendment is considered retroactive if it "clarifies" a guideline provision; but not if it "substantially" changes it. In this case, in reviewing the Application Note to U.S.S.G. § 5G1.3, and § 5K2.23, the Sentencing

Commission amended this Guideline (§ 5G1.3), in order to "clarify"
the sentencing court's discretion in granting "credit"
See, <u>United States</u> v. <u>Mustakeen</u>, 913 F.Supp. 410 (W.D. Vir.
1996) (amendment to federal sentencing guidelines provision
that clarified meaning of phrase "jointly undertaken criminal
activity" and clarified provisions dealing with attempts and
conspiracies in drug cases were clarifying amendments to be
applied retroactively).

It is asserted that this clarifying amendment provides
this Court with jurisdiction to, at Your Honor's discretion, to
adjust my federal sentence to reflect the 15 months of jail
time that I spent within the State of Connecticut, with a
federal detainer lodged; and pursuant to Your intent in fashioning
the instant term

D. Rule 36  Fed.R.Crim.P

Mr. Otero's research thus so far, has revealed a decision
in which a federal district court, subsequent to imposing a
term of imprisonment, adjusted that term under Rule 36,
Fed.R.Crim.P.. Although the facts of that case, differ from
those here, a brief narrative follows:

In <u>Cioffoletti</u> v. <u>B.O.P.</u>, No. 01 Cr. 1049(ILG) (July 1,
2003, Eastern District of New York, Glasser, J.), adjusted that
defendant's imposed term of imprisonment, by 6 months to reflect
the B.O.P's violation of his <u>ex post facto Clause</u> of the United
States Constitution; by using the pre-2002 provision of the

8

Community Correction's Center, and refusing to allow the defendant consideration until his 10% date. Judge Glasser, in a very thoroughly written opinion, detailed that by the B.O.P's failure to consider this defendant for participation in a C.C.C. until his 10% date, rather than the 6 month period as provided by the governing statute at the time of his sentencing, and found that the BOP's new policy, "misrepresented the Court's sentence no less than if the Clerk had omitted or mistakenly transcribed some important part of the sentence. See, e.g., Canvan v. Menifee, 2003 WL 245226.

In this case, it certainly appears that Your Honor meant to grant me the 15 months time credit; unfortunately, due to a circuit conflict, this Circuit, and the B.O.P cannot grant me such time credit. It is respectfully requested that pursuant to the provisions mentioned herein, and in the interest of justice, that this Court modify my term of imprisonment by 15 months.

May 22, 2005

Respectfully,

Rudolph Otero
14849-014

To: AUSA

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT



### JUDGMENT IN A CRIMINAL CASE

**UNITED STATES OF AMERICA**

    v.

CASE NO. 3:02CR256 (CFD)

**RUDOLPH OTERO**
3 Dewey Avenue
Terryville, CT 06786
SSN: 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    DOB: **March 22, 1977**

<u>RAYMOND F. MILLER</u> , Assistant U.S. Attorney

<u>CHRISTOPHER MCCARTHY</u> , Defendant's Attorney

The defendant pled guilty to count 1 of the indictment. Accordingly, the defendant is adjudged guilty of count **1**, which involves the following offense:

Title & Section: **21 U.S.C. Sections 841(a)(1), 841(b)(1)(B)(iii) and 846**    Count: **1**
Nature of Offense: **Conspiracy to Possess With Intent to Distribute Cocaine Base**
Date Offense Concluded: **September 3, 2002**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of: **84 months.** Upon release from custody, the defendant shall be on supervised release for a term of **4 years.** A Special Condition of Supervised Release is: **The defendant is required to participate in a substance abuse program approved by the U.S. Probation Officer.** The Court recommends to the Bureau of Prisons: **That the defendant serve his term of imprisonment at a facility near Hartford, CT, and that the defendant participate in the 500 hour drug rehabilitation treatment program.**

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all special assessments imposed by this judgment are fully paid.

In addition to the special condition of supervised release imposed above, it is hereby ordered that the conditions of supervised release set out on the reverse side are imposed.

It is ordered that the defendant shall pay a Special Assessment of $100.00 for count 1 which shall be due **immediately.**

<u>**APRIL 2, 2003**</u>
Date of Imposition of Sentence

Christopher F. Droney, United States District Judge
Date: **April 14, 2003**

*CERTIFIED AS A TRUE COPY*
*ON THIS DATE* 4/17/03
*Kevin F. Rowe, Clerk*
*BY:*
    *Deputy Clerk*

1    UNITED STATES DISTRICT COURT

2    DISTRICT OF CONNECTICUT

3

4    UNITED STATES OF AMERICA,  )
                Plaintiff.  )     NO: 3:02CR256(CFD)
                         )

5    vs.                   )
                         )     April 2, 2003

6    RUDOLPH OTERO,        )
                Defendant.  )

7    _____

8

9                      SENTENCING

10                450 Main Street
             Hartford, Connecticut

11

12    B E F O R E:

13        THE HONORABLE CHRISTOPHER F. DRONEY, U.S.D.J.

14

15    A P P E A R A N C E S:

16    For the Plaintiff    :     RAYMOND MILLER, AUSA
                             United States Attorney's Office

17                              450 Main Street
                             Hartford, Connecticut 06103

18

19    For the Defendant    :     CHRISTOPHER J. McCARTHY, ESQUIRE
                             Brown, Paindiris & Scott, LLP

20                              The Old Town Hall
                             2252 Main Street

21                              Glastonbury, Connecticut 06033

22

23

24    Court Reporter      :     Martha C. Marshall, RMR, CRR

25    Proceedings recorded by mechanical stenography, transcript
   produced by computer.

1   sets forth all the conditions of his supervised release.

2   The statement should be sufficiently clear and specific so

3   that it may serve as a guide for his conduct.

4          As to restitution, I'm not ordering any

5   restitution.

6          As to a special assessment, Mr. Otero shall pay

7   the mandatory special assessment of 100 dollars which is due

8   and payable immediately.

9          Any recommendation requests you'd like to make to

10  the Bureau of Prisons, Mr. McCarthy?

11         MR. McCARTHY:  Two, your Honor.  First with

12  respect to his time served on his federal detainer, I think

13  we addressed that the last time we were here.  He has been

14  incarcerated on a federal detention order since the

15  inception of this case and I believe he's entitled to credit

16  for that time.

17         Secondly, I would ask for a recommendation that

18  Mr. Otero participate in the 500 Hour Program.  Given what

19  we've presented in this case, I think he would benefit

20  greatly in a number of ways from that program.

21         THE COURT:  I'll certainly make that

22  recommendation.  I was thinking about it myself.  So I'll

23  grant that request.

24         Is there a geographical request you'd like to

25  make?  I know he's got a lot of family in this area.  Would

1  you like me to request that he be designated to a facility

2  near Hartford?

3           MR. McCARTHY:  To the extent it's feasible, he

4  would like to stay in the northeast region, your Honor,

5  because obviously his extended family is in Connecticut and

6  New York.  So if that request could be reflected, Mr. Otero

7  would certainly appreciate that.

8           THE COURT:  I'll make that request as well.

9           As to the credit for the time served, I think the

10  record is sufficient from the last hearing that I made that

11  pretty clear, I think, that he was to receive that time as

12  credit, although I believe it's the Bureau of Prisons that

13  makes that determination, but to the extent I need to say it

14  again, I will.  But I believe that he should be getting

15  credit on his federal sentence for the time that he's

16  served.

17           Do you agree with all that, Mr. Miller?

18           MR. MILLER:  I do, your Honor.

19           MS. KEYES:  I was just thinking because of the

20  childhood issues, could he also have the condition of mental

21  health, because they aren't always addressed in the

22  substance abuse areas of those issues.

23           THE COURT:  How do you feel about that, Mr.

24  McCarthy?  As a condition?

25           MS. KEYES:  As a condition.

```
 RBKMJ  540*23 *          SENTENCE MONITORING        *    10-02-2004
PAGE 001        *          COMPUTATION DATA          *    13:57:42
                          AS OF 10-02-2004
```

REGNO..: 14849-014 NAME: OTERO, RUDOLPH


FBI NO...........: 59378AB7          DATE OF BIRTH: 03-22-1977
ARS1.............: RBK/A-DES
UNIT.............: GEN               QUARTERS.....: G07-239L
DETAINERS........: NO                NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 07-12-2009

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  01-12-2010 VIA GCT REL

-----------------------CURRENT JUDGMENT/WARRANT NO: 010 -------------------------

COURT OF JURISDICTION..........: CONNECTICUT
DOCKET NUMBER..................: 3:02CR256(CFD)
JUDGE..........................: DRONEY
DATE SENTENCED/PROBATION IMPOSED: 04-02-2003
DATE COMMITTED.................: 03-18-2004
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO


                FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00        $00.00          $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT: $00.00

-----------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  391
OFF/CHG: 21:841(A0(1), (B)(1)(B)(III), 846 - CONSPIRACY TO POSSESS WITH
         INTENT TO DISTRIBUTE COCAINE BASE (CT 1).

SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:    84 MONTHS
TERM OF SUPERVISION............:    4 YEARS
CLASS OF OFFENSE...............: CLASS B FELONY
DATE OF OFFENSE................: 09-03-2002


G0002    MORE PAGES TO FOLLOW . . .

```
RBKMJ  540*23 *          SENTENCE MONITORING          *     10-02-2004
PAGE 002 OF 002 *        COMPUTATION DATA             *     13:57:42
                          AS OF 10-02-2004
```

REGNO..: 14049-014 NAME: OTERO, RUDOLPH

------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 04-20-2004 AT RBK AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 02-18-2004
TOTAL TERM IN EFFECT............:   84 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    7 YEARS
EARLIEST DATE OF OFFENSE........: 09-03-2002
```

```
JAIL CREDIT.....................:     FROM DATE      THRU DATE
                                      09-10-2002     09-10-2002
                                      12-09-2003     02-17-2004
```

```
TOTAL PRIOR CREDIT TIME.........: 72
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 329
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 01-12-2010
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 12-07-2010
```

```
PROJECTED SATISFACTION DATE.....: 01-12-2010
PROJECTED SATISFACTION METHOD...: GCT REL
```

REMARKS........: FEDERAL SENTENCE IMPOSED PURSUANT TO WHCAP, USMS DETAINER
                 LODGED WITH STATE. SENT'D BY STATE 2/17/04. DISCHARGED 2/18/04
                 TO FED PRIMARY CUSTODY, EFFECTIVE SENTENCE "COMMENCMENT DATE"
                 PER 18:3585(A). CT DOC "VERIFIED" JTC PERIOD 9/11/02 - 12/9/03
                 CREDITED TO CT STATE SENTENCE. PCC APPLIED PER 18:3585(B)(2).

G0055     NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE