**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 3:02CR256(CFD) |
| | : | |
| v. | : | |
| | : | |
| **RUDOLPH OTERO** | : | July 28, 2005 |
| | : | |

**UNITED STATES'S RESPONSE TO THE PETITION TO AMEND JUDGMENT**

**I.  Introduction**

On April 2, 2003, the Court sentenced the defendant to a term of incarceration of 84 months.  Mr. Otero now brings this petition to amend the judgment, pursuant to 18 U.S.C. § 3582(c)(2) and Fed. R. Crim. P. 36, and requests that the Court adjust his sentence and retroactively grant him 15 months credit for time that he served pursuant to a state sentence.

**II.  Procedural History**

On September 10, 2002, Mr. Otero was arrested by the state of Connecticut and charged with the sale of illegal drugs.  At that time, charges for to a probation violation (related to another state drug conviction) and a motor vehicle violation were also pending.  Upon information and belief, the defendant did not post bond and remained in state custody.  On September 11, 2002, a grand jury sitting in Hartford, Connecticut returned an indictment charging the defendant with violations of Title 21 of the United States Code.

-2-

On September 19, 2002, the defendant was produced from state custody via a writ of *habeas corpus* and was presented in federal court. At that time, he stipulated to the government's motion for pre-trial detention.

On January 8, 2003, Mr. Otero pleaded guilty to conspiring to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B).

On April 2, 2003, this Court sentenced the defendant to a term of incarceration of 84 months. At sentencing, this Court recommended to the Bureau of Prisons (BOP) that Mr. Otero receive credit for time served.[1] At that time, the defendant had not been sentenced by the state of Connecticut for either the pending narcotic offense, probation offense, or the motor vehicle offense.

On February 17, 2004, in what appears to be a global resolution of the pending Connecticut state charges, Mr. Otero subsequently agreed to plead guilty to the state charges of Sale of a Hallucinogen. At the same time, the charges of Illegally Operating a Motor Vehicle under Suspension and Violation of Probation were also resolved. According to the criminal history recently obtained by the FBI, the defendant was sentenced to a

---

[1] The Government did not receive a full transcript of the sentencing hearing prior to the deadline for filing this brief, and respectfully requests the right to supplement this brief upon receipt of the transcript.

-3-

term of incarceration of 15 months for the drug offense, which was a portion of the time he had already served since his state arrest.  On the same date, he received an unspecified sentence for the violation of probation and an unconditional discharge for the motor vehicle offense and.  The following day, he was released into federal custody.

In computing the defendant's sentence, the BOP selected February 18, 2004 as the commencement date for Mr. Otero's sentence, which was the day Mr. Otero was released into federal custody.  With respect to credit for time served, the BOP determined that Mr. Otero should receive jail credit for time served on September 10, 2002 (the day he was presented in federal court) and for the period from December 9, 2003 through February 17, 2004 (the period of time in detention not allocated to his state sentence).  The BOP declined to issue credit for the period from September 11, 2002 through December 8, 2003 because it was credited to a state sentence, specifically the sentence imposed on February 17, 2004 for the state charges that were unresolved at the time of the imposition of the federal sentence in this case.  See U.S.C. § 3585 (b)(indicating that credit can only be given for terms of incarceration that have "not been credited against another sentence."); see also Werber v. United States, 149 F.3d 172, 173 (2d Cir. 1998)(Werber II)(finding that the BOP properly refused to credit a defendant's time in pre-sentence

-4-

federal detention because it had been credited to a state sentence).

## II. Discussion

### A. The Court Cannot Provide the Requested Relief Under 18 U.S.C. § 3582(c)(2)

Section 3582(c)(2) allows a court to reduce a defendant's term of imprisonment if, pursuant to 28 U.S.C. § 994(*o*), the Sentencing Commission lowered the applicable sentencing range after the defendant was sentenced. However, 28 U.S.C. § 994(u) instructs that "[i]f the [Sentencing] Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." The Sentencing Commission complies with § 3582(c)(2) and § 994(u) by listing in U.S.S.G. § 1B1.10(c) those amendments to the guidelines which warrant sentence reductions. Thus, "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in [U.S.S.G. § 1B1.10(c)] that lowers the applicable guideline range." U.S.S.G. § 1B1.10(c) cmt. n. 1; United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); see also United States. v. Garcia, 339 F.3d 116, 120 (2d Cir. 2003) ("U.S.S.G. § 1B1.10(a) permits the retroactive reduction in a defendant's sentence, based on a post-sentencing

-5-

amendment to the Guidelines, with respect to a specified list of amendments found in § 1B1.10(c)"); United States v. Caceda, 990 F.2d 707, 710 (2d Cir. 1993) (declining to apply Guidelines amendment retroactively where U.S.S.G. § 1B1.10 did not explicitly provide for retroactivity of amendment).

The modification to § 5G1.3(b) and § 5K2.23 is described in Amendment 660, an amendment that is not listed in Section 1B1.10(c). See U.S.S.G. Appendix C, Volume II, p. 404. As such, the Court is not authorized to amend Mr. Otero's sentence under 18 U.S.C. § 3582(c)(2). See United States v. Balagula, 275 F.Supp.2d 307 (E.D.N.Y. 2003) (holding that the amendments to U.S.S.G. 5G1.3(b) commentary do not warrant a sentence modification).

In his petition, the defendant cites to United States v. Mustakeem, 913 F.Supp. 410 (W.D.Pa.,1995) in support of his argument that amendments that clarify a guideline rather than change its substance may be applied retroactively. In that case, the court stated that "'courts have consistently held that such amendments may be used to explain existing guidelines and may receive retroactive effect, irrespective of whether they are listed in section 1B1.10.'" Id. at 413 quoting United States v. DiMaio, No. CRIM 89-0003-11, 1994 WL 25376, at *8 (E.D.Pa., 1994). However, the Second Circuit's holding in Perez precludes

-6-

this argument.[2] Further, in both <u>Mustakeem</u> and <u>DiMaio</u>, the defendants petitioned the courts under 28 U.S.C. § 2255, not Fed R. Crim Pro. 36 and 18 U.S.C. § 3582(c)(2), not 28 U.S.C. § 2255.

### B.  Fed. R. Crim P. 36 is Not Applicable

Rule 36 is designed to correct "clerical mistakes." Simply, put, the BOP's decision not to credit Mr. Otero for time served does not constitute such a clerical mistake. See <u>United States v. Werber</u>, 51 F.3d 342, 346-48 (2d Cir. 1995)(Werber I) (reversing corrected judgment filed pursuant to Rule 36 to reflect "time served" sentence following BOP calculation of credit, holding that Rule 36 may not be used for that purpose); <u>Werber v. United States</u>, 149 F.3d 172, 173 (2d Cir. 1998)(Werber II); <u>Garcia-Cruz v. United States</u>, 270 F.Supp.2d 353, 355 (S.D.N.Y. 2003).

A court can amend a judgment under Rule 36 in cases where there is a conflict between the Court's oral sentence and the written judgment. See <u>United States v. Ramirez</u>, 344 F.3d 247, 255 (2d Cir. 2003); <u>United States v. A-Abras Inc.</u>, 185 F.3d 26, 29-30 (2d Cir. 1999). In such a case, the Court would have the authority to "amend the written judgment so that it conforms with

---

[2] The government notes that in <u>United States v. Colon</u>, 961 F.2d 41 (2d Cir. 1992), after indicating that a court can apply clarifying amendments retroactively, <u>Id.</u> at 45, the court left it to the district court to decide whether it had the authority under 18 U.S.C. 3582(c)(2) to retroactively apply a clarifying amendment to a sentence even though that amendment was not listed in U.S.S.G. 1B1.10(c). However, <u>Perez</u> clarifies this question.

-7-

the oral sentence pronounced by the court." United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995)(Werber I).  However, no such conflict exists here. In the sentencing hearing, the Court clearly stated that it was recommending that Mr. Otero receive credit for time served, however, it recognized that the authority to award credit rests with the BOP.[3]

Finally, Mr. Otero's reference to Cioffoletti v. Federal Bureau of Prisons, No. 03CV3220, 2003 WL 23208216 (E.D.N.Y. 2003) and United States v. Canavan, No. CR-00-276, 2003 WL 245226 (D.Minn. 2003)[4] is unavailing because those cases involved ex post facto concerns that are not present here.  There the Court relied on a BOP policy in fashioning the defendant's sentence. Following imposition of the sentence, the BOP revised its policies.  That is not the case here.

In sum, the defendant's petition fails under both 18 U.S.C. § 3582(c)(2) and Rule 36.  It should be dismissed.

---

[3] The power to award credit under 18 U.S.C. § 3585(b) is entrusted exclusively to the BOP. United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351, 1354 (1992). The Second Circuit has also stated that "[t]he Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credit for any prior time spent in custody." United States v. Montez-Gaviria, 163 F.3d 697, 700-01 (2d Cir.1998); United States v. Luna-Reynoso, 258 F.3d 111, 117 (2d Cir.2001).

[4] The government notes that the case names, dates and citations vary slightly from those cited by Mr. Otero, however, it believes that the above cited cases correctly reference the cases Mr. Otero cites to.

-8-

**C.   The Defendant Has Failed to Exhaust Administrative Remedies.**

Further, even if the defendant's petition could proceed under 18 U.S.C. § 3582(c)(2) or Fed. R. Crim. P. Rule 36, Mr. Otero must exhaust the administrative remedies available under 28 C.F.R. §§ 542.10-542.16 (1993) before seeking relief in court for an alleged miscalculation of sentencing credit. Martinez v. United States, 19 F.3d 97, 99 (2d Cir.1994); Garcia-Cruz v. United States, 270 F.Supp.2d 353, 356 (S.D.N.Y. 2003); Guida v. Nelson, 603 F.2d 261, 262 (2d Cir.1979) (per curiam).

Upon exhausting these administrative procedures, the defendant may then be able to challenge the BOP's execution of his sentence pursuant to 28 U.S.C. § 2241, a petition that is filed in the district where the defendant is incarcerated. See, e.g., Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) (stating that 28 U.S.C. § 2241 covers "such matters as the administration of parole, computation of a prisoner's sentence by prison officials ...."); United States v. Chambers, 106 F.3d 472, 474-75 (2d Cir. 1997); Garcia-Cruz v. United States, 270 F.Supp.2d 353, 355 (S.D.N.Y. 2003).[5]

---

[5] The government notes that to successfully challenge the BOP's failure to award him credit, the Defendant would have to meet the requirements of 18 U.S.C. § 3585 (b), which allows a defendant to receive credit only for detention time "that has not been credited against another sentence." As noted earlier, Mr. Otero has already received credit for his state sentence. See Tisdale v. Menifee, 166 F.Supp.2d 789, 792 (S.D.N.Y. 2001). The government reserves the right to respond to the question of whether Mr. Otero may be entitled to this credit if he "would not have otherwise been serving a state sentence but for the actions of federal law enforcement officials." See

-9-

Alternatively, "the district court has the authority to permit defendants to amend their Rule 36 motions to become § 2255 petitions."[6] United States v. Werber, 51 F.3d 342, 348 at n 17 (2d Cir.1995)(Werber I); see also United States v. Chambers, 106 F.3d 472, 475 (2d Cir. 1997). Petitions submitted under § 2255 have been used to address the issues raised in this motion. See, e.g., Werber v. United States, 149 F.3d 172, 176 (2d Cir. 1998)(Werber II)(stating that "the district court would have the authority to permit defendants to amend their Rule 36 motions to become § 2255 petitions").

### III. Conclusion

Thus, for the reasons stated above, the Government believes that neither 18 U.S.C. § 3582(c)(2) nor Fed. R. Crim. P. 36 permit the Court to modify Mr. Otero's sentence and retroactively

---

Rosemond v. Menifee, 137 F.Supp.2d 270, 271 (S.D.N.Y. 2000).

[6] 28 U.S.C. § 2255 (Federal custody, remedies on motion attacking sentence) allows a court to set aside or correct a sentence if the court finds that "the sentence was imposed in violation of the Constitution or laws of the United States" or where "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. However, section 2255 establishes a one year deadline from the latest of the date on which Mr. Otero's judgment of conviction was made final and "the date on which the facts supporting the claim...presented could have been discovered through the exercise of due diligence." It is unclear whether Mr. Otero is able to meet the second of these conditions.

-10-

award him credit.  The defendant's motion should be dismissed.

>Respectfully submitted,
>
>KEVIN J. O'CONNOR
>UNITED STATES ATTORNEY
>
>RAYMOND F. MILLER
>ASSISTANT UNITED STATES ATTORNEY
>and
>CHINELO E. DIKE
>LAW STUDENT INTERN
>157 Church Street, 17th Floor
>New Haven, CT 06508

**<u>CERTIFICATION</u>**

I hereby certify that a copy of the foregoing motion was mailed on July 28, 2005, to:

Rudolph Otero, Inmate Number 14849-014
FCI Ray Brook
Federal Correctional Institution
PO Box 300
Ray Brook, NY 12977

>_____
>RAYMOND F. MILLER
>ASSISTANT UNITED STATES ATTORNEY