UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

V.                           Crim. No. 3:02CR256(CFD)

RUDOLPH OTERO,
      Petitioner,

RESPONSE TO GOVERNMENT'S REPLY

Rudolph Otero, the petitioner in the above referenced matter, hereby responds to the Government's July 28, 2005 Reply to a motion filed by the petitioner requesting that this Court issue an Order to the BOP to award time credit in relation to this Court's Judgment of April 2, 2003, directing the issuance of time credit towards the instant sentence. For the following reasons, the petitioner asserts that this Court may issue such an Order.

First, the government asserts that this Court may not apply the new Guideline Amendment, § 5K2.23 retroactively because it is not listed among those amendments within USSG § 1B1.10. Although the petitioner agrees that this Amendment is not so listed; it is asserted that this Court may properly construe this petition as one under 28 U.S.C. § 2255 in order to achieve the same purpose requested therein.

The petitioner's motion requested that the Guideline Amendment USSG § 5K2.23 allows for a district court to adjust a defendant's sentence in order to achieve "time credit" in that

1

the Bureau of Prisons will not issue this time spent in official detention pursuant to 18 USC § 3585(b), in that Otero received this credit in the State term he served.

Although this Circuit's holding is binding on this Court, in relation to <u>United States</u> v. <u>Balagula</u>, 275 F.Supp.2d 307 (E.D.N.Y. 2003); this Court may construe the instant application as one under 28 USC § 2255. This Court's sentencing recommendation is more than a recommendation; it is binding. This Court issued an Order directing that the petitioner be credited for all time served prior to the imposition of the instant term. This Court's Order was not ambiguous; rather, it was certainly binding. In that the BOP refuses to award the petitioner for the time spent incarcerated; the only remedy available to the petitioner is one under the various provisions requested.

The Government asserts that this Court similarly cannot proceed under Rule 36, Fed.R.Crim.P.; however, this Court may correct a Judgment when there is a conflict between the Court's oral sentence and the written judgment, <u>United States</u> v. <u>Ramirez</u>, 344 F.3d 247 (2d Cir. 2003); as is the case here. This Court's pronouncement of the instant term included the fact that the petitioner be awarded credit for all time served prior to the imposition of the instant term; however, due to the Statute in relation to the Computation of Time that the BOP follows blindly;

2

The petitioner will not be credited for the time he is due.

On September 10, 2002, the petitioner was arrested on State charges and charged with the sale of a controlled s substance. The following day, a sitting federal grand jury for the district of Hartford, Connecticut, issued an indictment charging the petitioner with related federal activity.

The federal charges were in relation to the State offenses; and this Court's issuance of all time credit is certainly consistent with the goals of the new Guideline Amendment; "to reflect time served on a discharged term of imprisonment". The Commentary underlying the new Guideline ascertains that there was a conflict as to whether a district court may award time credit; The Commentary makes clear that a Court may not issue Time Credit, but rather, may adjust a defendant's sentence to reflect time served on a discharged term of imprisonment.

At the time of the instant federal term's imposition, the Amendment was not yet in effect; as such, this Court's Order was, at the time, consistent with the court's regular practice to award a defendant for all time spent in official detention prior to the pronouncement of a federal term. It was with this understanding that the petitioner pled guilty to the instant offense; that he would be awarded time credit.

In conlusion, it is asserted that this Court may construe the instant petition as one under 28 U.S.C. § 2255 in order to

award the petitioner the credit, or adjustment that this Court Ordered.

Respectfully,

*R. Otero*
Rudolph Otero

Sept. 28, 2005

**Certificate of Service**

I, Rudolph Otero, do Certify that I have forwarded a true Copy of the aforementioned to the following via pre-paid postage, First Class mail: U.S. District Court, Dist. of Connecticut, 450 main St, Hartford, CT 06103 Attn: Office of the Clerk for the Honorable Justice Christopher Droney and and Raymond F. Miller AUSA.