UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | NO:    3:02CR256(CFD) |
| | ) | |
| vs. | ) | |
| | ) | |
| RUDOLPH OTERO | ) | February 22, 2008 |
| Defendant | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR REDUCTION OF SENTENCE**

### I.  INTRODUCTION

On April 2, 2003, the defendant Rudolph Otero pleaded guilty to Conspiracy to
Possess with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21
U.S.C. §§841(a)(1), 841(b)(1)(B) and 846. Mr. Otero was sentenced to prison for a
period of 84 months, and a four year term of supervised release.

Subsequent to Mr. Otero's sentencing on April 2, 2003, an amendment to §2D1.1
of the Federal Sentencing Guidelines took effect on November 1, 2007. The amendment
generally reduces base offense levels for most quantities of crack cocaine by two levels,
and specifically reduces the base offense level for the quantity "at least 20 grams but not
less than 35 grams" from a base level of 28 to a base level of 26.

This amendment was made retroactive under the authority of 18 U.S.C. §3582(c)
(2) on December 11, 2007. See 73 Fed. Reg. 217-01 (2008). Based on this retroactivity,
the statutory authority underlying it, and the Supreme Court's intervening decisions in
United States v. Booker, 543 US 220 (2005); Rita v. United States, 127 S. Ct. 2456
(2007); Gall v. United States, 128 S. Ct. 586 (2007); and Kimbrough v. United States,
128 S. Ct. 558 (2007), Mr. Otero brings this motion to reduce his sentence.

## II.  ARGUMENT

### A SENTENCE REDUCTION IS WARRANTED IN THIS CASE

This motion is made pursuant to 18 USCS §3582(c)(2) which states that, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Section 1B1.10 is the guidelines policy statement which implements 18 U.S.C. § 3582 (c)(2). Subsection (c) of that policy lists the amendments covered by the policy statement, one of those amendments being amendment 711 to the guidelines. Amendment 711 reduces the base offense level for crack cocaine offenses. *See* U.S.S.G., App. C, § 711.

A copy of the sentencing transcript from the defendant's original sentencing hearing held on April 2, 2003 is attached hereto as Exhibit A.

Application of the foregoing amendment to the crack cocaine guideline in this defendant's case results in a decrease of the base level offense from 28 to 26.  Based on the fact that Mr. Otero's base level was originally adjusted in 2003 by three levels by virtue of his acceptance of responsibility, such a consideration would serve to further decrease his revised base level from 26 to 23.   In criminal history category IV, the defendants adjusted guideline range is 70 to 87 months.  In 2003, this court sentenced the

defendant to the lowest guideline sentence available for the reasons stated in the attached

transcript.  If the court adopts the same analysis at this time, this defendant's sentence

would be reduced from 84 to 70 months.  Having been incarcerated since the time of his

arrest on September 10, 2002, the defendant's immediate release is warranted.   He has

been a model prisoner, an upon information and belief has participated in the 500 hour

program which factors further support his early release.

It is well settled that Congress gave District Courts the authority to grant

departures when the judge "finds . . . an aggravating or mitigating circumstance of a kind,

or to a degree, not adequately taken into consideration by the Sentencing Commission in

formulating the guidelines that should result in a sentence different from that described,"

United States v. Booker, 543 U.S. 220 (2005), citing 18 USCS §3553(b)(1). Additionally,

the Court is no longer required to treat the guidelines as mandatory as they were when

Mr. Otero was sentenced in 2003. The Supreme Court has since held that the guidelines,

in their mandatory form, are unconstitutional, and made them "effectively advisory."

Booker, 543 U.S. at 245. Guidelines are now only one of several factors to be considered

under §3553 (a). What the Supreme Court has described as the "overarching provision"

in §3553(a) is the requirement that courts "'impose a sentence sufficient but not greater

than necessary' to accomplish the goals of sentencing." Kimbrough, 128 S. Ct. at 570,

citing 18 USC §3553 (a). "Booker expressly rejected the idea that the Guidelines might

be advisory in certain contexts, but not in others, and Congress has done nothing to

undermine this conclusion." United States v. Hicks, 472 F.3d 1167, 1170 (2007).

"Because the 'mandatory system is no longer an open choice,' district courts are

necessarily endowed with the discretion to depart from the Guidelines when issuing new

sentences under §3582(c)(2)." Id., citing Booker, 543 U.S. at 263.  This reasoning further

supports the defendant immediate release.

Moreover, Congress's decision to give the amended guideline retroactive effect was based on its determination that the "statutory purposes of sentencing are best served by retroactive application of the amendment." Additionally, the Commission's advice that courts delay the effective date of retroactivity until March 3, 2008 was not based on any finding regarding the purposes of sentencing – or any other §3553 (a) factor – but rather was "in order to give the courts sufficient time to prepare for and process these cases." The Commission cannot use a policy statement to restrict a court's ability to comply with its statutory or constitutional sentencing obligations. After <u>Booker</u> and <u>Kimbrough</u>, this means that any statement on how courts should retroactively apply the crack amendments – including any date limitations – must be treated as merely advisory, and the sentencing court must have the discretion to reject that advice. The court is therefore authorized to act on this motion immediately.

## III. CONCLUSION

The defendant's immediate release is warranted in light of the newly enacted sentencing guidelines referenced herein. An immediate hearing is respectfully requested.

THE DEFENDANT

By_____

Christopher J. McCarthy
Brown Paindiris & Scott, LLP
2252 Main Street
Glastonbury, CT 06033
Telephone No.:  (860) 659-0700
Federal Bar No.:  ct04852

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, this

22nd day of February, 2008, to all counsel and pro se parties of record as follows:

Raymond Miller
Assistant United States Attorney
450 Main Street
Hartford, CT 06103


_____

Christopher J. McCarthy