UNITED STATES OF AMERICA
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:02CR256(CFD) |
| | : | |
| v. | : | |
| | : | |
| RUDOLPH OTERO | : | February 27, 2008 |
| | : | |

### GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION FOR A SENTENCE REDUCTION UNDER 18 U.S.C. § 3582

**I. Introduction**

The defendant filed a motion seeking relief under 18 U.S.C. § 3582. The government agrees that, based on a recent amendment to the Sentencing Guidelines that lowered the base offense levels applicable to cocaine base ("crack") offenses, the defendant appears to be eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

In stating its determination to apply the crack cocaine amendment retroactively, the Sentencing Commission declared that this authority will go into effect on March 3, 2008. Accordingly, this Court is without authority to reduce a sentence prior to that date. Nevertheless, for the convenience of the Court and to facilitate the orderly disposition of the many pending motions resulting from this amendment, the government responds at this time.

In this case, the defendant appears eligible for a reduction of his sentence to 70 months. The government does not oppose such a reduction  According to the BOP, he is scheduled to be released on January 14, 2010.

**II. Procedural History**

On January 8, 2003, the defendant pleaded guilty to Count One of the Indictment that

charged him with conspiring to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). As part of the plea agreement, the parties stipulated that the defendant's offense conduct involved at least 20 grams, but less than 35 grams, of cocaine base.

On February 25, 2003, the United States Probation office issued its initial disclosure of the Presentence Report (hereinafter the "PSR"). It calculated the defendant's base offense level to be 28. Three levels were subtracted in light of the defendant's acceptance of responsibility under § 3E1.1, resulting in a total offense level of 25. With a criminal history category of V, the defendant was exposed to a period of incarceration of 100-125 months.

On April 2, 2003, the Court horizontally departed to CHC IV and sentenced the defendant to a term of incarceration of 84 months, which was below the suggested Guideline range.

Under the 2007 version of the sentencing guidelines, the defendant's total offense level is 23 and the suggested sentencing range is 84-105 months. For the reasons stated below, the lowest sentence the court can impose is 70 months. In this case, the government does not oppose such a reduction. The defendant's other claims, however, must be denied.

### III. Amendment 706 to the Sentencing Guidelines

This notification arises under Section 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission identified the

amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1] On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised Section 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

(1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

    (A) none of the amendments listed in subsection (c) is applicable to the defendant; or

    (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. §

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). <u>See, e.g.</u>, <u>United States v. Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997); <u>United States v. Thompson</u>, 70 F.3d 279, 281 (3d Cir. 1995); <u>United States v. McHan</u>, 386 F.3d 620, 622 (4th Cir. 2004); <u>United States v. Drath</u>, 89 F.3d 216, 218 (5th Cir. 1996); <u>United States v. Dullen</u>, 15 F.3d 68, 70-71 (6th Cir. 1994); <u>United States v. Wyatt</u>, 115 F.3d 606, 608-09 (8th Cir. 1997); <u>United States v. Cueto</u>, 9 F.3d 1438, 1441 (9th Cir. 1993); <u>United States v. Avila</u>, 997 F.2d 767, 768 (10th Cir. 1993); <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003).

3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.[3]

### IV. Discussion

The government believes that Amendment 706 reduces the guideline range applicable in this case and therefore the Court may consider whether to reduce the sentence. Specifically, the total offense level in this case is now 21. At the established criminal history category of V, this would result in a sentencing range of 84-105 months. This is a reduction from the previously applied range of 100-125 months.

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

[3] In a separate matter, the Supreme Court recently held in Kimbrough v. United States, ____ U.S. ____, 2007 WL 4292040 (2007) that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).[4]

Similarly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. Id. app. note 1(B)(I); see also U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992); United States v. Mueller, 27 F.3d 494, 497 n.5

---

[4] In Vautier, the Eleventh Circuit held that the district court did not abuse its discretion in denying a Section 3582(c)(2) motion for reduction of sentence, upon considering the 3553(a) factors. The district court denied the motion, stating that "in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines." Vautier, 144 F.3d at 759.

(10th Cir. 1994).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." Vautier, 144 F.3d at 760. First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact." Vautier, 144 F.3d at 760.

Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Id.[5]

Subject to the limits set forth in Section 1B1.10(b), the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much

---

[5] The Eighth Circuit has also endorsed and explained at length this two-step procedure. United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc), citing United States v. Wyatt, 115 F.3d 606 (8th Cir. 1997).

In United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000), the court stated that it disagreed with the need for or utility of the two-step method. However, the essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record. The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence.

to reduce the defendant's sentence. In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b). In this case, a review of BOP disciplinary records indicate that on May 3, 2006 the defendant was sanctioned for refusing a work assignment.

In authorizing a reduced sentence based on a retroactive amendment to a guideline, the Sentencing Commission stated: "If the original term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate. . . ." U.S.S.G. § 1B1.10(b)(2)(B) app. note 3. The application note provides an instructive example:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (2) the defendant's original term of imprisonment imposed was 56 months (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing); and (3) the amended guideline range determined under subsection (b)(1) is 57 to 71 months, a reduction to a term of imprisonment of 46 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)) would amount to a comparable reduction and may be appropriate.

§ 1B1.10 app. note 3.

Here, the bottom of the original guideline range was 100 months, and the Court imposed a sentence of 84 months. Thus, the reduction authorized by the Sentencing Commission is 16% below the new guideline minimum of 46 months, which is a term of 70 months.

Another way to approach this analysis is for the court to apply the same horizontal departure to the new guideline range that it used at the time of sentencing. Thus, using the new total offense level of 23 and reducing the defendant's criminal history to IV, the defendant is now exposed to a range of 70-87 months. The government does not object to a sentence at the bottom of this range.

## V. Booker Does Not Apply

The defendant contends that, the court reexamine the sentence consistent with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), which made the Sentencing Guidelines advisory. That position is incorrect; the defendant's claim that Booker applies in this proceeding and permits a reduction in sentence beyond the limits set by Congress and the Sentencing Commission is without merit. Similarly, the defendant cites to Kimbrough v. United States, 2007 WL 4292040 (2007) to argue that the guideline for crack cocaine offenses in particular is advisory, and that a sentencing court may consider criticism of the advisory guideline for crack cocaine offenses when determining the defendant's original sentence. These decisions, however, may not be applied in a Section 3582(c)(2) proceeding as a basis for reducing a sentence below the amended guideline range. Section 3582(c)(2) allows a court to reduce a sentence based on a retroactive guideline amendment only as authorized by the Sentencing Commission, and the Commission has limited the extent of such a reduction to the

application of the amended guideline range or a reduction comparable to the extent of a previously granted reduction below the earlier guideline range.

    1. <u>Section 3582(c)(2) limits sentencing reductions based on retroactive guidelines to those authorized by the Sentencing Commission</u>.

    In 18 U.S.C. § 3582(c)(2), Congress created a "narrow exception to the rule that final judgments are not to be modified." <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003). Section 3582(c)(2) permits a sentencing reduction based on a retroactive guideline only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In the Sentencing Reform Act, Congress specifically delegated to the Sentencing Commission the authority to determine when, and to what extent, a sentencing reduction is allowed. Under 28 U.S.C. § 994(u), when the Commission amends the guidelines, the Commission "shall specify in what circumstances and by what amounts the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). As the Supreme Court has explained, under this provision, "Congress has granted the Commission the unusual and explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect." <u>Braxton v. United States</u>, 500 U.S. 344, 348 (1991) (citing § 994(u); emphasis omitted). Thus, under the express statutory language of Section 3582(c)(2) and Section 994(u), the Commission's policy statements that implement the statute's authorization of retroactive sentence reductions are binding, just as the statutory restrictions on reductions below a mandatory minimum are binding. See <u>United States v. Walsh</u>, 26 F.3d 75, 77 (8th Cir. 1994) ("Congress has made the policy statements set forth in Section 1B1.10 the applicable law for determining whether a district court has the authority to

reduce a sentence in this situation.").

     2. <u>The statute and policy statements prohibit a reduction below the floor set by the Sentencing Commission</u>.

Section 3582(c)(2) does not provide for full resentencing of defendants. In its recent revision to the policy statement governing sentencing reductions under Section 3582(c)(2), the Sentencing Commission made clear that proceedings under the statute "do not constitute a full resentencing of the defendant." U.S.S.G.§ 1B1.10(a)(3); see <u>United States v. Bravo</u>, 203 F.3d 778, 781 (11th Cir.) (Section 3582(c)(2) "'do[es] not contemplate a full de novo resentencing'") (quoting <u>United States v. Cothran</u>, 106 F.3d 1560, 1562 (11th Cir. 1997)); see also <u>United States v. McBride</u>, 283 F.3d 612, 615 (3d Cir. 2002); <u>United States v. Jordan</u>, 162 F.3d 1, 4 (1st Cir. 1998); <u>United States v. Torres</u>, 99 F.3d 360, 361 (10th Cir. 1996).

Rather than authorizing a full reexamination of a defendant's sentence, the Sentencing Commission has placed explicit limits on the extent of a sentencing reduction permissible under Section 3582(c)(2). Section 1B1.10(b)(1) directs that "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court . . . shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Section 1B1.10(b)(2) sets out specific limits on the extent of sentencing reductions, providing that, with one exception, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." U.S.S.G. §

1B1.10(b)(2)(A). The sole exception is set forth in Section 1B1.10(b)(2)(B), which provides that if the defendant's "original term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate."[6] U.S.S.G. § 1B1.10(b)(2)(B); see id., app. note 3 (if defendant's original sentence was a downward departure of 20% below guideline range, reduction to term that is 20% below amended guideline range would be a "comparable reduction"). Thus, the Commission, consistent with the authorization provided by Congress, has set a floor below which a reduced sentence may not fall. In short, 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 are narrow provisions which permit a limited reduction of sentence, while prohibiting a complete reevaluation of the sentence. See, e.g., United States v. Hasan, 245 F.3d 682, 685-86 (8th Cir. 2001) (en banc) (reduction below the amended guideline range is not permitted); Bravo, 203 F.3d at 781 (court was not permitted to "depart downward . . . to an extent greater than that authorized under Section 3582(c) based on the amended guideline provision").

      3. <u>Booker did not affect the limits on sentencing reductions under Section 3582(c)(2)</u>.

      In <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Court held that the Sixth Amendment, as construed by the Court in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), applied to the federal Sentencing Guidelines, under which the sentencing court rather than the jury found facts that established the mandatory guidelines range. <u>Booker</u>, 543 U.S. at 230-45. The Court remedied that constitutional defect by

---

    [6] Section 1B1.10(b)(2)(B) further provides that if the defendant's original sentence "constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and <u>United States v. Booker</u>, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."

severing the statutory provisions that made the guidelines range mandatory, resulting in a regime in which the Guidelines are advisory, and courts are to consider the guidelines and the other factors in 18 U.S.C. § 3553(a) in selecting an appropriate sentence. Id. at 245-68; see Gall v. United States, 2007 WL 4292116, at *6 (2007).

Nothing in Booker expands the scope of sentencing reductions under Section 3582(c)(2). As an initial matter, even before Booker, the Guidelines were not mandatory in Section 3582(c) proceedings. Judges were never required to reduce a sentence. Rather, Section 3582(c)(2) states that a court "may" reduce the term of imprisonment. Nor, if courts did so, were they required to reduce a sentence to the full extent permitted by the retroactive guideline amendment. Instead, judges were to "consider[] the factors set forth in Section 3553(a) to the extent that they are applicable" and reduce the sentence "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. 3582(c)(2). Thus, the Section 3553(a) factors were always the guiding principle under Section 3582(c)(2), with the sole limitation that a reduction must accord with the Commission's policy statements.

Booker had no direct effect on Section 3582(c)(2). Booker's constitutional holding applied the now-familiar rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Booker, 543 U.S. at 231 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). That rule has no application to proceedings under Section 3582(c)(2), which can only decrease - not increase - the defendant's sentence. Moreover, the limits Section 3582(c)(2) and U.S.S.G. § 1B1.10 impose on the extent of reductions are, at most, the equivalent of mandatory minimum sentences, which the Sixth Amendment permits

within an otherwise-authorized sentencing range.  See Harris v. United States, 536 U.S. 545 (2002).

Booker's remedial holding is likewise inapplicable.  Booker applies to full sentencing hearings - whether in an initial sentencing or in a resentencing where the original sentence is vacated for error.  The Court excised and severed the provision that made the Guidelines mandatory in those sentencings, 18 U.S.C. § 3553(b).  It also excised the related provision on appellate review, 18 U.S.C. § 3742(e).  "With these two sections excised (and statutory cross-references to the two sections consequently invalidated)," the Court held, "the remainder of the Act satisfies the Court's constitutional requirements."  543 U.S. at 259.  Section 3582(c)(2) contains no cross-reference to Section 3553(b) and therefore was not excised by Booker.  Nor is there anything else in Booker that directly addresses Section 3582 proceedings.

The Booker Court applied its advisory guidelines remedy to cases in which no Sixth Amendment violation existed, concluding that Congress would not have wanted the Guidelines to be mandatory in some contexts and advisory in others.  543 U.S. at 266.  The Court rested its conclusion on two observations, neither of which is applicable to reduction proceedings under Section 3582(c)(2).  The first was that Congress would not have wanted to "impose mandatory . . . . limits on a judge's ability to reduce sentences," but not to "impose those limits upon a judge's ability to increase sentences."  Id. (emphasis in original); see id. (Congress would not have wanted such "one-way lever[s]").  But Congress clearly intended Section 3582(c)(2) to be a "one-way lever" – it gives the court the option to leave a defendant's sentence alone or to reduce it, but does not permit the court to increase the sentence.  Second, the Court observed that rendering the Guidelines partially advisory and partially mandatory in federal sentencings would

13

engender significant "administrative complexities." Id. Given the limited scope of a proceeding under Section 3582(c)(2), none of the significant "administrative complexities" is present that led the Supreme Court to require all guideline provisions to be advisory at full sentencing proceedings. Booker, 543 U.S. at 266. To the contrary, holding that Booker requires full resentencings whenever a guideline is made retroactive — in many cases years after the original sentencing — would create major administrative complexities and would vastly expand the intended scope of a sentencing reduction under Section 3582(c)(2).

Section 3582(c)(2)'s direction that the court "shall consider the factors in section 3553(a) to the extent that they are applicable" also does not aid the defendant. Although one of the factors in Section 3553(a) is the Guidelines range, and Booker made that range advisory, the still-valid statutory language in Section 3582(c)(2) requires courts to consider the Section 3553(a) factors (including the Guidelines) when determining whether and by how much to reduce the sentence, "consistent with applicable policy statements issued by the Sentencing Commission." The Commission has made clear that courts are to consider the Section 3553(a) factors in determining whether a reduction is warranted and "the extent of such reduction, but only within the limits" of Section 1B1.10. U.S.S.G. § 1B1.10, app. note 1(B)(I) (emphasis added).

Nothing in the Supreme Court's recent decisions in Gall v. United States, 2007 WL 4292116 (2007), or Kimbrough v. United States, 2007 WL 4292040 (2007), affects this analysis. Both decisions reaffirmed Booker's remedial holding that the Guidelines are advisory and that sentences are subject to appellate review for reasonableness, and both decisions proceeded to apply that remedial holding to the questions before them. See Gall, 2007 WL 4292116, at *6-*8; Kimbrough, 2007 WL 4292040, at *5, *13-*14. Because, as explained above, Booker does not

apply to Section 3582(c) proceedings, the applications of Booker's remedial opinion in Gall and Kimbrough do not apply in such proceedings either.

The defendant relies on United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), in which the Ninth Circuit concluded that limiting the extent of a Section 3582(c)(2) sentencing reduction to that prescribed by the Sentencing Commission amounts to a mandatory application of the Sentencing Guidelines that is prohibited by Booker.  For the reasons stated above, Hicks' analysis is flawed and should not be followed by this Court.  Hicks fails to consider that the context of a Section 3582(c)(2) proceeding, in which a court may only reduce a sentence or leave it undisturbed, is markedly different from the determinations under mandatory Guidelines which could increase a defendant's sentence - and thus run afoul of the Sixth Amendment - that were addressed in Booker.  Hicks also fails to recognize that a sentencing reduction under Section 3582(c)(2) is not a full resentencing proceeding, but a limited mechanism only for reducing a sentence to account for a retroactive guideline amendment.  Likewise, Hicks ignores the fact that Section 3582(c)(2) incorporates into the statute the limits in Section 1B1.10, and that those statutory limits are binding on sentencing courts.

The conclusion that Booker does not apply in proceedings under Section 3582(c)(2) is consistent with the courts of appeals' unanimous holding that defendants whose convictions are final have no right to resentencing under Booker on collateral review under 28 U.S.C. § 2255. See Cirilo-Muñoz v. United States, 404 F.3d 527, 532-33 (1st Cir. 2005); Guzman v. United States, 404 F.3d 139, 141-44 (2d Cir. 2005); Lloyd v. United States, 407 F.3d 608, 613-16 (2005); United States v. Morris, 429 F.3d 65, 66-67 (4th Cir. 2005); United States v. Gentry, 432 F.3d 600, 602-05 (5th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir.

2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005); United States v. Bellamy, 411 F.3d 1182, 1188 (10th Cir. 2005); Varela v. United States, 400 F.3d 864, 867-68 (11th Cir. 2005); In re Fashina, 486 F.3d 1300, 1306 (D.C. Cir. 2007). It would be incongruous if courts interpreted the congressional scheme in Section 3582(c)(2), which provides for much more limited relief than Section 2255, concerns only sentence reductions, and raises no Sixth Amendment concerns, as triggering a full Booker resentencing.

Indeed, given that Booker does not apply to the many defendants whose sentences were final when Booker was decided, it would be unfair to apply Booker to that subset of those defendants whose sentences are being lowered under Amendment 706. Section 3582(c)(2) was designed only to permit courts to reduce defendants' sentences to account for a retroactive guideline amendment. To grant these defendants a further reduction that is not afforded to all other similarly situated defendants would produce the unwarranted sentencing disparities Congress sought to eliminate in the Sentencing Reform Act. It would also entail enormous additional cost and effort in resentencing tens of thousands of inmates, even though Section 3582(c)(2) by its terms does not authorize a full resentencing.

Accordingly, while this Court should consider the Section 3553(a) factors in determining whether and to what extent to reduce the sentence, it must abide by the limitations on sentencing reductions directed by Congress. Booker does not apply, and there is no authorization for this Court to revisit its earlier sentencing determinations.

Should this Court disagree and conclude that Booker is applicable, it should exercise its

discretion not to vary below the amended guideline range. The Sentencing Commission's determinations, which always must be considered in sentencing, see 18 U.S.C. § 3553(a), deserve particular respect in this context, where Congress specifically delegated to the Commission the authority to amend the Guidelines, and to "specify in what circumstances and by what amounts the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). It is appropriate to abide by these restrictions, given that the Commission has properly determined that Section 3582(c)(2)'s exception to the general rule of finality in criminal litigation should extend only to application of the newly amended guideline, not to relitigation of other aspects of the sentence. See U.S.S.G. § 1B1.10(a)(3) (proceedings under Section 3582(c)(2) "do not constitute a full resentencing of the defendant"). Adherence to the limits imposed by the Commission will also avoid disparity in sentencing among similarly situated defendants. See 18 U.S.C. § 3553(a)(6). And it will avoid substantial unfairness to countless defendants who may not gain reconsideration of their final sentences because they did not enjoy the fortuity of having a retroactive guideline amendment applied to one aspect of their sentences.

**VI. The Court May Not Order the Release of the Offender Prior to March 3, 2008.**

The effective date of the Sentencing Commission's action making the crack cocaine amendments retroactive is March 3, 2008. Accordingly, this Court is without authority to reduce a sentence prior to that date.

Should the Court consider the matter before that date,, it should indicate on the order granting relief that the order will take effect on March 3, 2008. As explained above, Congress has delegated to the Sentencing Commission the sole authority to permit the retroactive application of a guideline reduction, and no court may alter an otherwise final sentence on the

basis of such a retroactive guideline unless the Sentencing Commission expressly permits it. See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); Ebbole v. United States, 8 F.3d 530, 539 (7th Cir. 1993); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003). The Sentencing Commission has not permitted a reduction to a crack cocaine sentence prior to March 3, 2008, and therefore the courts are without authority to apply the amendments as retroactive before that date. Absent permission from the Commission, the Court may not release the defendant at this time.[7] . The BOP has requested that courts provide ten days notice prior to a release date.

### VII.  Conclusion

In sum, the Court should consider the Section 3553(a) factors and the other considerations addressed above in determining whether and to what extent to reduce the sentence. As described above, the government does not object to a reduction of the defendant's

---

[7] The Sentencing Commission so acted given the enormous burdens that retroactive application of the crack cocaine amendments, in tens of thousands of cases, will impose on the courts, prison officials, probation officers, prosecutors, and others. The delayed implementation of retroactivity permits all officials to assure the orderly handling of these many cases and prisoners. Delayed implementation also allows for Congressional review of the Commission's decision and Congress may choose to reject or alter the Commission's decision.

sentence to 70 months.

                                        Respectfully submitted,

                                        KEVIN J. O'CONNOR
                                        UNITED STATES ATTORNEY

                                        /s/
                                        RAYMOND F. MILLER
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Fed.  Bar Number CT20451
                                        157 Church Street
                                        New Haven, CT 06510

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing motion was mailed postage prepaid on February 27, 2008 to

Christopher McCarthy

2252 Main Street

Glastonbury, CT 06033

                                        /s/_____
                                        RAYMOND F. MILLER

                                        ASSISTANT UNITED STATES ATTORNEY